| | |
|---|---|
| 1 | Timothy J. Walton (State Bar No. 184292) |
| 2 | WALTON & ROESS LLP |
|   | 407 South California Avenue |
| 3 | Suite 8 |
|   | Palo Alto, CA 93406 |
| 4 | Phone: (650) 566-8500 |
|   | Fax: (650) 618-8687 |
| 5 | Email: SarahZ@netatty.com |
| 6 | |
| 7 | Attorneys for Plaintiff |
|   | SARAH Z. |

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

SARAH Z.,

    Plaintiff,

vs.

SEQUOIA UNION HIGH SCHOOL DISTRICT, and DOES 1-5,

    Defendants.

Case No. C 07 2389

**PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**

[20 U.S.C. § 1400 et seq.]
[42 U.S.C. § 1983]
[Cal.Ed.Code § 56000 et seq.]

1. **Individuals with Disabilities Education Act**
2. **Deprivation of Rights Under Color of Authority**
3. **Educational Malpractice**
4. **Negligence**

**DEMAND FOR JURY TRIAL**

**ADMINISTRATIVE PROCEDURE ACT CASE**

## I. INTRODUCTION

1. This is a civil action for declaratory relief, equitable relief, and for compensatory damages to redress deprivation of Plaintiff's rights to a "free appropriate public education" ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), as well as state and federal common law.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3), 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331 and 1343. This Court may exercise jurisdiction over state law and common law claims through supplemental jurisdiction. 28 U.S.C. 1367. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## III. INTRADISTRICT ASSIGNMENT

3. Events giving rise to this complaint occurred in San Mateo County in the State of California, which is within the San Francisco division of the Northern District of California.

## IV. ALLEGATIONS

4. The term "free appropriate public education" ("FAPE") means special education and related services that are available to the student at no cost to the parents, that meet the State educational standards, and that conform to the student's IEP. (20 U.S.C. § 1401(9).)

5. Under the federal IDEA and state law, students with disabilities have the right to a FAPE. (20 U.S.C. § 1400, et seq.; Cal. Ed. Code § 56000, et seq.)

6. "Special education" is defined as specially designed instruction, at no cost to parents, to meet the unique needs of the student. (20 U.S.C. § 1401(29).)

7. The term "related services" includes transportation and other developmental, corrective, and supportive services as may be required to assist a child to benefit from special education. (20 U.S.C. § 1401(26).)

8. Once a child is identified under the IDEA as disabled, the local education agency must identify the unique educational needs of that child by appropriate assessment, create annual goals and short-term benchmarks to meet those needs, and determine specific services to be provided. (Cal. Ed. Code §§56300-56302; 20 U.S.C. § 1412.)

9. A school district must offer a student eligible for special education an Intervention Education Plan ("IEP") that is reasonably calculated for educational benefit.

10. An IEP must state the beginning dates, frequency, and duration of offered services.

11. Every school district must have a triennial IEP for each of its students in special education.

PLAINTIFF'S COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

12. An IEP must include a transition plan that contains appropriate postsecondary goals.

## V. STATEMENT OF FACTS

13. Plaintiff, a 15 year old female student, is eligible for special education because of a speech and language impairment.

14. In order to benefit from educational opportunities, Plaintiff requires additional assistance because of her disability.

15. Plaintiff's disability also causes her to experience frustration, which manifests in behavioral problems.

16. Plaintiff has been receiving low and failing grades since entering high school in the Defendant's district.

17. Plaintiff's poor grades are a result of Defendant's failure to provide individual tutoring.

18. The last IEP that was agreed to was in March 2004, when Plaintiff was in middle school.

19. The parties met on January 26, 2006 to discuss Plaintiff's needs.

20. As a result of the meeting, Defendant sent an IEP proposal to Parents on February 16, 2006.

21. In a letter faxed to Defendant on February 21, 2006, parents consented to retaking tests in math where Plaintiff received a D or F and speech therapy for 30 minutes. Parents rejected evaluation from the school psychologist and RSP teacher services. Parents requested additional services in the form of the opportunity to retake tests in Science, English, French, and Social Studies as needed for low grades, the opportunity to redo homework in which Plaintiff does poorly, the opportunity to complete late or missed homework, attend summer school and 3 hours of tutoring per week in math and science. Also, the parents requested Defendant allow Dr. Frank Marone, who has worked with Plaintiff for a number of years, to attend hearings and observe the student at school. In addition, parents requested that Defendant obtain consent prior to changing Plaintiff's program, honor the stay put provisions, and provide behavior consultation and services by a licensed Behaviorist.

22. Defendant would not agree to the requests and the March 2004 IEP remained in effect.

23. At an IEP meeting on November 3, 2006, Defendant offered Plaintiff substantially the same program offered in January with a few additions.

3

24. On November 13, 2006, Parents consented to retaking tests in math where Plaintiff received a D or F, speech therapy for 30 minutes, preferential seating and extended time on tests and assignments. Parents asked for further information on the Resource Specialist Program ("RSP") before agreeing to allow it into the IEP. Parents requested additional services in the form of the opportunity to retake tests in Science, English, French, and Social Studies as needed for low grades, the opportunity to redo homework in which Plaintiff does poorly, the opportunity to complete late or missed homework, attend summer school and 3 hours of tutoring per week in math and science if Plaintiff received a low grade. Also, Plaintiff's parents requested Defendant to allow Dr. Frank Marone, who has worked with Plaintiff for a number of years, to attend hearings and observe the student at school. In addition, parents requested that the school district obtain consent prior to changing Plaintiff's program and honor the provisions of the alst agreed-upon IEP.

25. Defendant failed to act on the parent request, or reply at all in writing, so the March 2004 IEP continued in effect.

26. Defendant significantly impeded Plaintiff's opportunity to participate in the decisional process by refusing to include her Parents' dissenting views in the IEP documents.

27. Each IEP failed to state the beginning dates, frequency, and duration of services..

28. Defendant failed to offer any IEP with a valid transition plan.

29. Defendant failed to perform its part of the IEP agreement in providing requisite educational opportunities to meet the needs of the Plaintiff.

30. Defendant also failed to discharge its obligation to provide highly qualified service providers, such as an appropriately trained and credentialed speech therapist.

31. Plaintiff filed a request for a due process hearing that was received by the Office of Administrative Hearings ("OAH") on December 4, 2006.

32. The OAH scheduled the Due Process Hearing for February 1, 2007, more than 45 days after the request.

33. The OAH never sent notice of a pre hearing conference. The OAH called on the morning of January 29, 2007, to inform Plaintiff's parent of a pre hearing conference to commence

immediately. Plaintiff's parent was compelled to attend the pre hearing conference without preparation or prior notice.

34. Plaintiff's mother sent a fax on January 29, 2007, asking for information about the hearing date and the scheduling of the pre-hearing conference, but her request was ignored.

35. The Administrative Law Judge at the OAH denied parent the opportunity to subpoena a witness, Mr. Patrick Gemma.

36. The Administrative Law Judge at the OAH denied parent's request to compel a witness, Ms. Karen McGee, to provide official documentation of certification.

37. During the due process hearing, Defendant's psychologist admitted that she was not certified by the California or National Board of Psychology.

38. Plaintiff had a Triennial IEP on Jan 26th, 2006.

39. Plaintiff was found eligible for special education under "speech and language impairment" at the IEP that took place on January 26, 2006.

40. The IEP document dated January 26, 2006 was sent by the District via US mail and received by parent on February 16, 2006, two weeks after the IEP.

41. The IEP was signed by parents on February 21, 2006.

42. A notarized dissent letter was sent to Defendant via US certified return receipt mail on February 21, 2006, and February 23, 2006.

43. Plaintiff faxed a dissent letter dated Feb 21, 2006 to the Defendant care of Mrs. McGee and Mrs. Willett on February 23, 2006.

44. The IEP that took place on November 3, 2006, was interrupted by Defendant's counsel to fax parents a document entitled "Procedural Safeguard Notice".

45. Student has a Behavior Support Plan that was developed on December 1, 2003 and revised in January, 2005.

46. Dr. Frank Marone, hired by Defendant, supervised and provided Behavioral services to student from K to 8th grade.

47. Mr. Cliff Alire (Vice Principal) stated at the due process hearing, "I found out that Sarah was a special ed [sic] student and that she had an IEP on November 3, 2006 [date of her last IEP, at

1. which he appeared]".
2. 48. Sarah received and is still receiving tutoring services from "Academic Trainers" in Menlo Park.

## FIRST CAUSE OF ACTION

### (Violations of the Individuals with Disabilities Education Act)

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 48 above.

49. Defendant has violated Plaintiff's rights by failing to provide a "free appropriate public education" ("FAPE") as required by federal and California state law.

50. Defendant denied Plaintiff a FAPE by failing to provide individual tutoring in math and science.

51. Defendant denied Plaintiff a FAPE by failing to adopt and follow a behavior intervention plan.

52. Defendant denied Plaintiff a FAPE by failing to offer a transition plan.

53. Defendant denied Plaintiff a FAPE by failing to state in an Individual Education Plan ("IEP") documents the beginning dates, frequency, and duration of offered services.

54. Defendant denied Plaintiff a FAPE by refusing to comply with the stay-put requirement while drafting a new IEP.

55. Defendant denied Plaintiff a FAPE by failing to provide prior written notice when initiating, changing or refusing identification, evaluation, educational placement of provision of FAPE.

56. Defendant denied Plaintiff a FAPE by failing to answer in writing to specific written queries.

57. Defendant denied Plaintiff a FAPE by failing to implement IEPs.

58. Defendant denied Plaintiff a FAPE by failing to provide highly qualified service providers.

59. Defendant denied Plaintiff a FAPE by refusing to allow opportunities to retake tests or resubmit late or missing homework.

60. Defendant violated Plaintiff's rights by denying procedural due process as required by federal and California state law.

61. As a result of Defendant's refusal to provide FAPE, Plaintiff has been damaged under the law.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Deprivation of Rights Under Color of Authority)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above.

63. Plaintiff is a citizen of the United States of America with rights as a citizen under federal law.

64. Congress intended that its laws would protect Plaintiff and other citizens similarly situated.

65. The right to sue is consistent with the statutory purpose of the IDEA.

66. Plaintiff's cause of action is not traditionally relegated to the states.

67. Procedural due process is a right unambiguously conferred by the federal Constitution.

68. Defendant's policies, practices and customs discriminate with deliberate indifference to the rights of disabled Americans.

69. As a result of Defendant's deprivation of her rights, Plaintiff has been damaged under the law.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Educational Malpractice)

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above.

71. Defendant had an obligation to provide an education to Plaintiff in the least restrictive environment.

75. Defendant failed to educate Plaintiff, as demonstrated by Plaintiff's inability to achieve IEP goals or maintain passing grades.

77. Plaintiff's IEP provides a methodology with an objective standard of care.

78. Defendant denied Plaintiff an appropriate education, and thereby breached its duty.

80. Defendant's breach of duty caused Plaintiff's damages.

83. As a result of Defendant's educational malpractice, Plaintiff has been damaged under the law.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Negligence)

84. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 above.

85. Defendant owed a duty of reasonable care to Plaintiff.

86. Defendant breached its duty by failing to educate Plaintiff.

87. Defendant's breach of its duty caused Plaintiff's damages.

88. Plaintiff has been damaged by Defendant's negligence.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

## V. PRAYER FOR RELIEF

A. Equitable relief in the form of an injunction requiring Defendant to provide compensatory education;

B. Equitable relief in the form of an injunction requiring Defendant to provide procedural due process;

C. Declaratory relief in the form of a judgment that Plaintiff has been denied a free appropriate education;

D. Declaratory relief in the form of a judgment that Plaintiff has been denied procedural due process;

E. Damages in an amount determined by the Court;

F. Attorneys' fees and costs of suit, as allowed by law;

G. Such other and further relief as the Court deems proper.

DATED: May 1, 2007                    WALTON & ROESS LLP

                                      BY: _____
                                      TIMOTHY J. WALTON
                                      Attorneys for the Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as provided in Federal Rule of Civil Procedure § 38(b).

DATED: May 1, 2007                    WALTON & ROESS LLP

                                      BY: _____
                                      TIMOTHY J. WALTON
                                      Attorneys for the Plaintiff