THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Kathryn E. Alberti, Deputy (SBN 172034)
By: John D. Nibbelin, Deputy (SBN 184603)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4647
Facsimile: (650) 363-4034
E-mail: kalberti@co.sanmateo.ca.us
E-mail: jnibbelin@co.sanmateo.ca.us

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z., <br><br> Plaintiff, <br><br> vs. <br><br> SEQUOIA UNION HIGH SCHOOL DISTRICT, et. al. <br><br> Defendant. | Case No. C07-2389 SI <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** <br><br> [20 U.S.C. § 1400 et seq.] <br> [42 U.S.C. § 1983] |

Defendant Sequoia Union High School District ("Defendant") hereby answers the first amended complaint ("Complaint") of plaintiff SARAH Z. (the "Plaintiff") and admits, denies, and alleges (in paragraphs corresponding to the paragraphs in the Complaint) as follows:

1. This paragraph contains no allegations that require either an admission or denial by Defendant.

2. Whether subject matter jurisdiction exists and whether venue is proper are questions of law for the Court. On that basis, Defendant denies the allegations contained in paragraph 2.

3. Whether venue is proper is a question of law for the Court. On that basis, Defendant denies the allegations contained in paragraph 3.

4. Defendant admits that SARAH Z. is a minor attending high school.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth

of the allegation in Paragraph 5. Defendant notes, however, that Plaintiff was enrolled as a student within the District during the 2005-2006 and 2006-2007 school years.

4.  Defendant admits that PATRICK GEMMA is the Superintendent for Defendant SEQUOIA UNION HIGH SCHOOL DISTRICT.

5.  Defendant admits that NIKKI WASHINGTON is the Chief Administrator, Special Education for Defendant SEQUOIA UNION HIGH SCHOOL DISTRICT.

6.  Defendant denies that CLIFF ALIRE is the vice principal of Sequoia Union High School.

7.  Defendant admits that KAREN MCGEE is a psychologist working for Defendant SEQUOIA UNION HIGH SCHOOL DISTRICT.

8.  Defendant admits that MARIAN WELCH is a speech therapist employed by Defendant SEQUOIA UNION HIGH SCHOOL DISTRICT.

9.  Defendant SEQUOIA UNION HIGH SCHOOL DISTRICT is without sufficient knowledge or information to form a belief as to the truth of these allegations in Paragraph 11 and on that basis denies them.

10.  Paragraph 12 does not contain any allegations of fact that require either and admission or denial by the Defendant.

11.  Paragraph 13 does not contain any allegations of fact that require either and admission or denial by the Defendant.

12.  Paragraph 14 does not contain any allegations of fact that require either and admission or denial by the Defendant.

13.  Paragraph 15 does not contain any allegations of fact that require either and admission or denial by the Defendant.

14.  Paragraph 16 does not contain any allegations of fact that require either and admission or denial by the Defendant.

15.  Paragraph 17 does not contain any allegations of fact that require either and admission or denial by the Defendant.

16.  Paragraph 18 does not contain any allegations of fact that require either and admission or denial by the Defendant.

17. Paragraph 19 does not contain any allegations of fact that require either and admission or denial by the Defendant.

18. Paragraph 20 does not contain any allegations of fact that require either and admission or denial by the Defendant.

19. Paragraph 21 does not contain any allegations of fact that require either and admission or denial by the Defendant.

20. Defendant admits that Plaintiff has been identified as eligible for special education services under the category "speech-language impaired." As to the remaining allegations contained in paragraph 22, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies them.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies them.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies them.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, denies them.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, denies them.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27, and on that basis denies them.

26. Defendant denies the allegations contained in paragraph 28. Defendant notes that it has never hired Dr. Marone to provide any services for Plaintiff.

27. Defendant admits the allegations contained in paragraph 29, but notes that the IEP Team met over the course of three days, on January 26, 2006; February 23, 2006; and March 2, 2006.

28. Defendant admits the allegations contained in paragraph 30 but notes that the IEP Team met over the course of three days, on January 26, 2006; February 23, 2006; and March 2, 2006.

29. Defendant admits the allegations contained in paragraph 31 but notes that the IEP Team met over the course of three days, on January 26, 2006; February 23, 2006; and March 2, 2006.

1  30.  Defendant denies the allegations contained in paragraph 32. Defendant notes, however, that the IEP Team agreed to reconvene after January 26, 2006 to complete the IEP process.

31.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies them.

32.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and, on that basis, denies them.

33.  Defendant admits the allegations contained in paragraph 35.

34.  Defendant admits that Plaintiff's mother sent the District a letter dated February 21, 2006 wherein she purported to agree to allow Plaintiff to "retake D or F Math tests, as needed," and to allow the District to provide "speech therapy [for] 30 minutes per month" on a "consultation" basis. Defendant also admits that, in this letter, Plaintiff's mother purported to withhold consent to the "evaluations done by [the District's School] Psychologist and Speech Therapist." Defendant further admits that the letter from Plaintiff's mother purports to request the opportunity to "retake D or F Science, English, French [or] Social Studies tests, as needed," the "opportunity to redo homework if student gets an F or a D," the "opportunity to complete late or missed homework," the opportunity to "attend summer school," access to "3 hours of Math tutoring per week," and access to "3 hours of Science tutoring per week." Defendant further admits that the letter purports to request that Frank Marone be permitted "to observe and assess student at school location [sic] during the entire school year." Defendant denies each and every other allegation in Paragraph 36.

35.  Defendant denies the allegations contained in paragraph 37.

36.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38 and, on that basis, denies them.

37.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and, on that basis, denies them.

38.  Defendant denies the allegations contained in paragraph 40.

39.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies them.

40.  Defendant is without sufficient knowledge or information to form a belief as to the truth

1 of the allegations in paragraph 42 and, on that basis, denies them.

39. Defendant denies the allegations contained in paragraph 43.

40. Defendant denies the allegations contained in paragraph 44.

41. Defendant denies the allegations contained in paragraph 45.

42. Defendant denies the allegations contained in paragraph 46.

43. Defendant denies the allegations contained in paragraph 47.

44. Defendant admits that Karen McGee is not certified by the National Board of Psychiatry nor by the California Board of Psychiatry. Defendant notes, however, that no certification from either of these agencies is required of school psychologists employed by the District.

45. Defendant denies the allegations contained in paragraph 49.

46. Defendant denies the allegations contained in paragraph 50.

47. Defendant admits the allegations contained in paragraph 51.

48. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 and, on that basis, denies them.

49. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

50. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

51. Defendant admits that the Office of Administrative Hearings ("OAH") granted the District's request for protective order and motion to quash the subpoena that Plaintiff's mother had served on Mr. Gemma on the basis that she made no showing that Mr. Gemma had any information relevant to the claims at issue before the OAH.

52. Defendant admits the allegations in this paragraph 56 and notes that no certification from either of these agencies is required of school psychologists employed by the District.

53. Defendant denies this allegation.

54. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

55. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

56. Paragraph 60 does not contain any allegations of fact, and on that basis Defendant can neither admit nor deny the allegations.

57. Defendant denies the allegations contained in paragraph 61.

58. Defendant denies the allegations contained in paragraph 62.

59. Defendant denies the allegations contained in paragraph 63.

60. Defendant denies the allegations contained in paragraph 64.

61. Defendant denies the allegations contained in paragraph 65.

62. Defendant denies the allegations contained in paragraph 66.

63. Defendant denies the allegations contained in paragraph 67.

64. Defendant denies the allegations contained in paragraph 68.

65. Defendant denies the allegations contained in paragraph 69.

66. Defendant denies the allegations contained in paragraph 70.

67. Defendant denies the allegations contained in paragraph 71.

68. Defendant denies the allegations contained in paragraph 72.

69. Defendant denies the allegations contained in paragraph 73.

70. Defendant denies the allegations contained in paragraph 74.

71. Defendant denies the allegations contained in paragraph 75.

72. Defendant denies the allegations contained in paragraph 76.

73. Paragraphs 77 through 84 do not contain allegations against the District and the District therefore need not respond to them.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

78. As a first affirmative defense, Defendant asserts that plaintiff has failed to exhaust administrative remedies with respect to her claims.

### SECOND AFFIRMATIVE DEFENSE

79. As a second affirmative defense, Defendant asserts that the claims asserted in the

complaint are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

80. As a third affirmative defense, Defendant asserts that the claims asserted in the complaint are barred, in whole or in part, by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

81. As a fourth affirmative defense, Defendant asserts that the claims asserted in the complaint are barred, in whole or in part, by the doctrine of estoppel.

82. Plaintiff purports to demand a jury trial. However, pursuant to the Individuals with Disabilities Education Act, plaintiff is not entitled to a jury trial as to claims arising under that statute. *See* 20 U.S.C. § 1415(i)(2)(C).

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That all costs of suit, including attorneys' fees, be awarded to Defendant;

3. That judgment be entered in favor of Defendant; and

4. That this Court award such further relief as it deems just and proper.

Dated: July 2, 2007

Respectfully submitted,

THOMAS F. CASEY III, COUNTY COUNSEL

By: _____
       Kathryn E. Alberti, Deputy

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT