1 THOMAS F. CASEY III, COUNTY COUNSEL (SBN 47562)
By: Kathryn E. Alberti, Deputy (SBN 172034)
2 By: John D. Nibbelin, Deputy (SBN 184603)
Hall of Justice and Records
3 400 County Center, 6th Floor
Redwood City, CA 94063
4 Telephone: (650) 363-4647
Facsimile: (650) 363-4034
5 E-mail: kalberti@co.sanmateo.ca.us

6 Attorneys for Defendants
SEQUOIA UNION HIGH SCHOOL DISTRICT,
7 PATRICK GEMMA, NIKKI WASHINGTON, CLIFF
ALIRE, KAREN McGEE and MARIAN WELCH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z.,<br><br>        Plaintiff,<br><br>vs.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 07-2389 SI<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing:<br><br>Date:  November 30, 2007<br>Time:  9:00 a.m.<br>Dept:  Law & Motion (Judge Susan Illston) |

**TO ALL PARTIES AND THEIR ATTORNEYS PF RECORD:**

PLEASE TAKE NOTICE that on November 30, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard in Department 15 of the above-entitled Court, located at 450 Golden Gate Avenue. San Francisco, California 94102, before the Honorable Susan Illston, defendants Patrick Gemma, Nikki Washington, Cliff Alire, Karen McGee and Marian Welch will and hereby do move pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of the second cause of action in the First Amended Complaint, which alleges, pursuant to section 1983 of Title 42 of the United States Code, that defendants violated plaintiff's rights under the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§

Case No. 07-2389 SI
NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL
RULES OF CIVIL PROCEDURE

1400, et seq.

This Motion is based on this Notice of Motion and Motion and the attached Memorandum of Points and Authorities filed herewith, all papers and pleadings on file herewith, and such oral and written argument and evidence as may be presented at the hearing on this Motion.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION.**

In the instant action, it is clear from the face of the pleadings that plaintiff cannot state a claim upon which relief can be granted against any moving defendant. While plaintiff appears to take issue with the special education services provided by the Sequoia Union High School District (the "District") during the time periods in question, she does not identify any specific, actions by the individual defendants that violated her rights under the IDEA. Therefore, she cannot establish that her federally protected rights were abridged in contravention of Section 1983.

**II.  BACKGROUND.**

According to plaintiff's complaint, she is a is a fifteen year old student within the District qualified for special education services due to a speech and language impairment. First Amended Complaint (hereinafter, "FAC"), at ¶¶ 4-5, 22. Defendants are each employees of the District. Specifically, Mr. Gemma is the District's Superintendent and Ms. Washington is the District's Chief Administrator for Special Education. FAC, at ¶¶ 6-7. Mr. Alire, Ms. Welch and Ms. McGee are a vice principal, speech therapist, and school psychologist, respectively, assigned to the Woodside High School campus.[1]  FAC, at ¶¶ 8-10.

Plaintiff alleges that a triennial Individual Educational Program ("IEP") team meeting took place on January 26, 2006, at which she was deemed eligible for continuing special education services. FAC, at ¶¶ 31-32. The District subsequently sent plaintiff's parents an IEP document, in response to which plaintiff's parents sent a dissent letter. FAC, at ¶¶ 32-35. A further IEP team meeting took place on

---

[1] The complaint erroneously alleges that Mr. Alire is a vice principal at Sequoia Union High School. There is such a campus within the District, but Mr. Alire is employed at Woodside, the campus attended by plaintiff.

1  November 3, 2006, and plaintiff's parents again refused to consent to the services offered by the District.
2  FAC, at ¶¶ 39-41.

3  Because plaintiff's parents disagreed with the District's offer of special education services, they
4  filed for a due process hearing with the California Office of Administrative Hearings. FAC, at ¶¶ 52-54.
5  In her request for hearing, plaintiff claimed that the District denied her a free and appropriate education
6  ("FAPE") during the 2005-2006 and 2006-2007 school year by (a) failing to provide her with individual
7  tutoring in mathematics and science; (b) failing to include a behavior intervention plan in her IEP offers;
8  (c) failing to allow her to retake tests on which she originally received a D or F grade; (d) failing to allow
9  her to make up missed or late homework; (e) failing to include and consider in IEP offers the concerns
10 expressed by her parents; (f) failing to include a transition plan in IEP offers; (g) failing to state in IEP
11 offers the beginning dates; frequency, and duration of services; and (h) failing to designate an IEP offer
12 as the triennial IEP offer. Alberti Dec. at ¶ 2, Ex. A [OAH Decision dated February 23, 2007], at 2.

13 After hearing, the OAH's administrative law judge ("ALJ") issued a decision deciding each of
14 these issues in favor of the District and finding that plaintiff was not denied a FAPE. The instant action
15 followed.

16 **III.  LEGAL STANDARD.**

17 Federal Rule of Civil Procedure 12(b)(6) allow for a motion to dismiss for "failure to state a claim
18 upon which relief can be granted." A Rule 12(b)(6) motion is similar to the common law general
19 demurrer in that it tests the legal sufficiency of the claims stated in the complaint. *De la Cruz v. Tormey*,
20 582 F.2d 45, 48 (9th Cir. 1978). While, for purposes of a Rule 12(b)(6) motion, the material allegations
21 in the complaint must be accepted as true, *N.L. Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.
22 1986), a complaint will be dismissed for failure to state a claim if it appears beyond doubt that the
23 claimant can prove no set of facts in support of her claim that would entitle her to relief. *Conley v.*
24 *Gibson*, 355 U.S. 41, 45-46 (1957); *Moore v. City of Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).
25 Moreover, "the court need not accept as true . . . allegations that contradict facts that may be judicially
26 noticed by the court . . . and may consider documents that are referred to in the complaint whose
27 authenticity no party questions." *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000) (citations
28 omitted).

## IV. ANALYSIS.

### A. Plaintiff Fails to State a Cause of Action Under Section 1983 Against Mr. Gemma and Ms. Welch.

Mr. Gemma is the District's Superintendent. While the complaint is actually silent on the matter[2], defendants anticipate that plaintiff may argue that he is liable in his individual capacity on the basis of his supervisory role within the District. The Ninth Circuit teaches that a supervisor may be found liable in his individual capacity by "setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the . . . injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). In the instant case, however, plaintiff does not allege even one action by Mr. Gemma that in any way relates to the alleged deprivation of her rights under the IDEA. It follows that plaintiff has failed to state a Section 1983 action against Mr. Gemma.

Similarly, the complaint is devoid of any allegations of specific actions by Ms. Welch, and much less any allegations that in any way relate to plaintiff's rights under the IDEA, and plaintiff has therefore failed to state a claim against her under Section 1983.

### B. Plaintiff Fails to State a Cause of Action Under Section 1983 Against Mr. Alire.

As against Mr. Alire, plaintiff alleges only that he "testified at the due process hearing that he didn't know Plaintiff was a special education student or that she had an IEP or Behavioral Intervention Plan," that he "refused to protect Plaintiff when she asked for help when she was being harassed by other students," and that "he violated the Behavioral Intervention Plan by inviting law enforcement officials on campus without following the Behavioral Intervention Plan." FAC, at ¶ 49.

Even if true, Mr. Alire's lack of knowledge of plaintiff's special education status does not constitute an action that gives rise to a violation of section 1983. Likewise, plaintiff's allegation that Mr. Alire did not intercede when students were harassing her does not demonstrate any deprivation of rights afforded under the IDEA. Finally, plaintiff's allegations regarding Mr. Alire's supposed violation of the Behavioral Intervention Plan are belied by the ALJ's clear finding that plaintiff neither had nor required

---

[2] The only reference to Mr. Gemma in the Complaint is the following statement: "The OAH denied parent the opportunity to subpoena a witness, Defendant PATRICK GEMMA." (FAC ¶ 55.)

such a plan. Alberti Dec., ¶ 2, Ex. A [OAH Decision dated February 23, 2007], at 7.

### C. Plaintiff Fails to State a Cause of Action Under Section 1983 Against Ms. Washington and Ms. McGee.

Similar to the allegations posed against Mr. Alire, plaintiff alleges as to Ms. Washington that she " refused to honor 'stay put.' Her IEP documents failed to conform to statutory guidelines. She received the IEP dissent letter from Plaintiff's parents, but denied that she received it and refused to make it part of the IEP." FAC ¶ 50. Plaintiff's allegations regarding Ms. Washington's refusal to include the dissent letters are belied by the evidence presented at the hearing and the subsequent findings of the ALJ. Alberti Dec., ¶ 2, Ex. A [OAH Decision dated February 23, 2007], at 9-10. As for the allegation that Ms. Washington failed to honor the 'stay put' provision, Plaintiff failed to allege this violation below and therefore, has failed to exhaust the administrative remedies required by the IDEA. "The IDEA normally requires that a plaintiff exhaust all administrative procedures prior to the filing of a civil action under federal law." (*Brown v. Napa Valley Unified School District*, 2007 WL 2028201 (N.D. Cal.) (July 10, 2007). Nor does Plaintiff allege any reason why the exhaustion requirement would not apply in this case. For these reasons, Plaintiff fails to state a cause of action against Ms. Washington.

As against Ms. McGee, Plaintiff alleges: "The District representative at IEPs was Defendant KAREN MCGEE. She refused to honor 'stay put,' wrote an incomplete psychological evaluation, and is not certified by the National Board of Psychology or the California Board of Psychology." FAC, ¶ 48. The IDEA contains no require that the psychologist be certified by the National Board of Psychology nor does it require certified by the California Board of Psychology. Furthermore, at the Administrative Hearing held on June 16, 2006, the ALJ stated that Ms. McGee "is a nationally certified school psychologist" … and that "Ms. Mcgee was qualified to administer the psycho-educational evaluation to Student, and to coordinate District's assessment of Student." Alberti Dec., ¶ 2, Ex. B [OAH Decision dated July 30, 2006], at 5. Therefore, Plaintiff fails to state a cause of action against Ms. McGee as well.

### D. The Individual Defendants Should be Dismissed From the Complaint as Plaintiff Fails to Seek Prospective Injunctive Relief.

Plaintiff has failed to seek prospective injunctive relief from any of the named individual defendants, other than to make a general request for "[s]uch other and further relief as the Court deems

proper." FAC, at ¶G.  "Sovereign immunity has not been waived with respect to § 1983 claims; therefore, state officials may only be sued in their official capacities for prospective injunctive relief." (*Patricia N., et. al., v. Lemahieu*, et.al. 141 F.Supp.2d 1243, 1251-1252 (9th Cir. 2001); *citing Quern v. Jordan*, 440 U.S. 332, 341 (1979) *Doe v. Lawrence Livermore National Laboratory*, 131 F.2d 836, 839 (9th Cir. 1997); *and Pahk v. Hawaii*, 109 F.Supp.2d 1262, 1267 (D. Haw.2000)  "Plaintiffs have sued the individually names Defednants in their official capacities, but do not appear to see prospective injunctive relief, other than to make a general request for 'such other equitable and legal relief that is warranted and just. [Citation to the complaint omitted.] … [B]ecause Plaintiffs do not appear to request prospective injunctive relief, the §1983 claims against the individually named state Defendants in their official capacities must fail." (*Patricia N., et. al., v. Lemahieu*, et.al. 141 F.Supp.2d 1243, 1251-1252 (9th Cir. 2001).  Similarly, in the instant case, Plaintiff does not seek prospective injunctive relief from any of the named individual defendants, and Plaintiff's general request for "relief" is insufficient to withstand a Motion to Dismiss.

Dated:  September 11, 2007                                    THOMAS F. CASEY III, COUNTY COUNSEL


By:            /s/
          Kathryn E. Alberti, Deputy

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT


C:\Documents and Settings\scushere\Desktop\CSMs Mtn to Dismiss Pursuant to Rule 12(b)(6) (final).doc