MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 083887)
By: John D. Nibbelin, Deputy (SBN 184603)
By: Kathryn E. Alberti, Deputy (SBN 172034)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4647
Facsimile: (650) 363-4034
E-mail: kalberti@co.sanmateo.ca.us

Attorneys for Defendants
Sequoia Union High School District, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z.,<br><br>    Plaintiff,<br><br>vs.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT, and DOES 1-5,<br><br>    Defendants. | Case No. C 07 2389 SI<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

## INTRODUCTION

In her opposition to defendants' motion, plaintiff does not address the argument raised in the opening memorandum that plaintiff has failed to state a cause of action against Patrick Gemma, Nikki Washington, Cliff Alire, Karen McGee and Marian Welch under Section 1983 of Title 42 of the United States Code.

Moreover, she makes no attempt to address the Ninth Circuit's recent decision in *Blanchard v. Morton*, ___ F.3d ___, 2007 WL 2728772 (9th Cir. Sep. 20, 2007), wherein the court holds that the Individuals With Disabilities Education Act ("IDEA") creates no rights enforceable under section 1983. In light of plaintiff's tacit admission that she can make no such claims under section 1983, the instant motion should be granted.

## A SECTION 1983 CLAIM CANNOT BE BASED ON ALLEGED VIOLATIONS OF THE IDEA

In the recent case of *Blanchard v. Morton*, ___ F.3d ___, 2007 WL 2728772 (9th Cir. Sep. 20, 2007),[1] the Ninth Circuit unambiguously held that a section 1983 claim cannot be based on alleged violations of the IDEA. In *Blanchard*, the parent of a special education student sought damages against a school district under section 1983, asserting that the District had violated the IDEA. *Blanchard*, 2007 WL 2728772 at * 1. The Court of Appeals, while recognizing that there exists a split of authority, held that such damages are not recoverable in this Circuit:

> There is an existing circuit split on whether, with amendment, Congress intended the IDEA rights to be enforceable under § 1983 . . . . We are persuaded by the recent thoughtful, well-reasoned opinion of the Third Circuit. See *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 797-803 (3rd Cir. 2007) (en banc) (surveying the existing circuit split and analyzing recent Supreme Court precedent on the availability of § 1983 as a remedy for violation of a federal statute. In *A.W.*, the Third Circuit overruled its prior authority to the contrary and held:
>
>> The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education of such a child." § 1415(b)(6). Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA . . . . *Id.* at 803.
>
> We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for violation of rights under the IDEA. *Id.*, 2007 WL 2728772 at * 2.

Plaintiff's claims against Patrick Gemma, Nikki Washington, Cliff Alire, Karen McGee and Marian Welch, while vague and indefinite, all are premised on their alleged violations of the IDEA. In connection with her second cause of action for "deprivation of rights under color of authority," plaintiff asserts that "the right to sue [for that cause of action] is consistent with the statutory purpose of the IDEA." First Amended Complaint ("FAC) at ¶ 80. Likewise, all the allegations set forth in the complaint relate to plaintiff's rights under the IDEA. She cites no other federal law allegedly violated by the individual defendants in this case and, in the absence of a federal right allegedly violated, defendants

---

[1] This case was filed on September 20, 2007, after the September 11, 2007 filing of defendants' moving papers.

are entitled to dismissal of the claims made under section 1983. *County of Sacramento v. Lewis*, 523 U.S. 833, 841-42 n. 5 (1998) ("As in any action under § 1983, the first step is to identify the exact contours of the right said to have been violated.").

Here, aside from rights under section 1983 that she alleges were violated, plaintiff identifies no other federal sources of rights that she claims defendants violated and it follows that her section 1983 claims against them should therefore be dismissed.

**CONCLUSION**

In light of the foregoing and the arguments raised in defendants' opening memorandum, defendants respectfully request that plaintiff's second cause of action be dismissed without leave to amend.

Dated: November 15, 2007                    MICHAEL P. MURMPHY, COUNTY COUNSEL

By: _____/s/_____
           John D. Nibbelin, Deputy

Attorneys for Defendant
Sequoia Union High School District

L:\LITIGATE\Z_CASES\Sarah Z v. SUHSD 07 2389\PLEADINGS\Reply in Support of Mtn to Dismiss.doc

Case No. C 07 2389 SI                    3