MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 083887)
By: John D. Nibbelin, Deputy (SBN 184603)
By: Kathryn E. Alberti, Deputy (SBN 172034)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4647
Facsimile: (650) 363-4034
E-mail: kalberti@co.sanmateo.ca.us

Attorneys for Defendants
Sequoia Union High School District, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z.,<br><br>    Plaintiff,<br><br>vs.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT, and DOES 1-5,<br><br>    Defendants. | Case No. C 07 2389 SI<br><br>**DEFENDANTS' STATEMENT OF RECENT DECISION IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

Pursuant to section 7-3(d) of the Civil Local Rules of the United States District Court for the Northern District of California, defendants hereby inform the Court that the case of *Blanchard v. Morton*, which defendants cited as ___ F. 3d ___, 2007 WL 2728772 (9th Cir. Sep. 20, 2007) in its reply memorandum in support of its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure has been amended and superseded by *Blanchard v. Morton*, ___ F. 3d ___, 2007 WL 4225789 (9th Cir. Dec. 3, 2007). A copy of the decision, as amended, is Attachment A to this memorandum.

Defendants note that the text from *Blanchard* that they cite in support of their reply remains unchanged in the amended decision.

Respectfully submitted,

Dated: January 4, 2008

MICHAEL P. MURPHY, COUNTY COUNSEL

By: _____
John D. Nibbelin, Deputy

Attorneys for Defendant
Sequoia Union High School District

L:\LITIGATE\Z_CASES\Sarah Z v. SUHSD 07 2389\PLEADINGS\Statement of Recent Decision.doc

Attachment A

--- F.3d ----  
--- F.3d ----, 2007 WL 4225789 (C.A.9 (Wash.)), 07 Cal. Daily Op. Serv. 13,717  
(Cite as: --- F.3d ----)

Page 1

HBlanchard v. Morton School Dist.  
C.A.9 (Wash.),2007.

United States Court of Appeals,Ninth Circuit.  
Cheryl BLANCHARD, Plaintiff-Appellant,  
v.  
MORTON SCHOOL DISTRICT; Russ Davis, Superintendent; Regine Aleksunas, SE Teacher; Jim Grossman, SLP; Robyn Goodwin, Principal, Defendants-Appellees.  
No. 06-35388.

Argued and Submitted July 31, 2007.  
Filed Sept. 20, 2007.  
Amended Dec. 3, 2007.

**Background:** Parent brought action under § 1983, Americans with Disabilities Act (ADA), and Rehabilitation Act against school district, seeking damages for alleged emotional distress and lost income she experienced during her successful effort to obtain benefits for her autistic son under Individuals with Disabilities Education Act (IDEA). Following remand, 420 F.3d 918, the United States District Court for the Western District of Washington, Franklin D. Burgess, J., 2006 WL 1075222, entered summary judgment for school district. Parent appealed.

**Holdings:** The Court of Appeals, Schroeder, Chief Circuit Judge, held that:

(1) section 1983 did not create cause of action for money damages on part of parent;

(2) parent had standing to seek damages under ADA or Rehabilitation Act; and

(3) parent was not entitled to damages for lost profits under either Act.

Affirmed.

Opinion, 504 F.3d 771, superseded.

[1] Civil Rights 78 ←→1462

78 Civil Rights  
    78III Federal Remedies in General  
        78k1458 Monetary Relief in General  
            78k1462 k. Grounds and Subjects; Compensatory Damages. Most Cited Cases

Civil Rights 78 ←→1463

78 Civil Rights  
    78III Federal Remedies in General  
        78k1458 Monetary Relief in General  
            78k1463 k. Mental Suffering, Emotional Distress, Humiliation, or Embarrassment. Most Cited Cases  
Section 1983 did not create cause of action for money damages for any emotional distress or lost income parent experienced during her successful effort to obtain benefits for her autistic son under Individuals with Disabilities Education Act (IDEA). Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.; 42 U.S.C.A. § 1983.

[2] Civil Rights 78 ←→1027

78 Civil Rights  
    78I Rights Protected and Discrimination Prohibited in General  
        78k1026 Rights Protected  
            78k1027 k. In General. Most Cited Cases

Civil Rights 78 ←→1305

78 Civil Rights  
    78III Federal Remedies in General  
        78k1305 k. Substantive or Procedural Rights. Most Cited Cases  
Section 1983 does not in itself create any right under federal law; it provides remedies for violations of federal rights only where a federal statute creates an individually enforceable right in the class of beneficiaries to which the plaintiff belongs. 42 U.S.C.A. § 1983.

[3] Schools 345 ←→148(2.1)

345 Schools  
    345II Public Schools  
        345II(L) Pupils  
            345k148 Nature of Right to Instruction in

General
      345k148(2) Handicapped Children and Special Services Therefor
         345k148(2.1) k. In General. Most Cited Cases
The IDEA confers substantive rights on the parents of disabled children as well as on the children themselves. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.

**[4] Civil Rights 78 €→1309**

78 Civil Rights
   78III Federal Remedies in General
      78k1306 Availability, Adequacy, Exclusivity, and Exhaustion of Other Remedies
         78k1309 k. Education. Most Cited Cases

**Schools 345 €→155.5(2.1)**

345 Schools
   345II Public Schools
      345II(L) Pupils
         345k155.5 Handicapped Children, Proceedings to Enforce Rights
           345k155.5(2) Judicial Review or Intervention
              345k155.5(2.1) k. In General. Most Cited Cases
The comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA. Individuals with Disabilities Education Act, § 601 et seq., 20 U.S.C.A. § 1400 et seq.; 42 U.S.C.A. § 1983.

**[5] Civil Rights 78 €→1332(2)**

78 Civil Rights
   78III Federal Remedies in General
      78k1328 Persons Protected and Entitled to Sue
         78k1332 Third Party Rights; Decedents
           78k1332(2) k. Education. Most Cited Cases

**Schools 345 €→155.5(5)**

345 Schools
   345II Public Schools
      345II(L) Pupils
         345k155.5 Handicapped Children, Proceedings to Enforce Rights
           345k155.5(5) k. Judgment and Relief; Damages, Injunction, and Costs. Most Cited Cases
Parent had standing to seek damages under ADA and Rehabilitation Act for any emotional distress or lost income she experienced during her successful effort to obtain benefits for her autistic son under Individuals with Disabilities Education Act (IDEA), insofar as parent was asserting and enforcing rights of her son and incurring expenses for his benefit. Rehabilitation Act of 1973, § 7(20), 29 U.S.C.A. § 705(20); American with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132.

**[6] Schools 345 €→155.5(2.1)**

345 Schools
   345II Public Schools
      345II(L) Pupils
         345k155.5 Handicapped Children, Proceedings to Enforce Rights
           345k155.5(2) Judicial Review or Intervention
              345k155.5(2.1) k. In General. Most Cited Cases
Parent who successfully sought benefits for her autistic son under Individuals with Disabilities Education Act (IDEA) abandoned her claim that she was entitled to damages, under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, for her own emotional distress resulting from enforcement of her child's rights, where parent failed to raise such claim in her brief on appeal of dismissal. Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132; Individuals with Disabilities Education Act, § 601, 20 U.S.C.A. § 1400; Rehabilitation Act of 1973, § 504(a), 29 U.S.C.A. § 794(a).

**[7] Civil Rights 78 €→1462**

78 Civil Rights
   78III Federal Remedies in General
      78k1458 Monetary Relief in General
         78k1462 k. Grounds and Subjects; Compensatory Damages. Most Cited Cases

**Schools 345 €→155.5(5)**

345 Schools
   345II Public Schools
      345II(L) Pupils
         345k155.5 Handicapped Children,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Proceedings to Enforce Rights
     345k155.5(5) k. Judgment and Relief; Damages, Injunction, and Costs. Most Cited Cases
Parent who successfully sought benefits for her autistic son under Individuals with Disabilities Education Act (IDEA) was not entitled to damages, under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, for lost profits resulting from enforcement of her child's rights; such claim sought compensation for parent acting as her own lawyer, and pro se plaintiffs were not entitled to attorney fees. Individuals with Disabilities Education Act, § 601, 20 U.S.C.A. § 1400; Rehabilitation Act of 1973, § 504(a), 29 U.S.C.A. § 794(a); Americans with Disabilities Act of 1990, § 202, 42 U.S.C.A. § 12132.

Lonnie Davis, Disabilities Law Project, Seattle, WA, for the plaintiff-appellant.
Jocelyn J. Lyman, Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S ., Olympia, WA, for the defendants-appellees.

Appeal from the United States District Court for the Western District of Washington; Franklin D. Burgess, District Judge, Presiding. D.C. No. CV-02-05101-FDB.

Before ALFRED T. GOODWIN, MARY M. SCHROEDER, and SUSAN P. GRABER, Circuit Judges.

ORDER AND AMENDED OPINION
SCHROEDER, Circuit Judge:

**ORDER**

*1 The Opinion filed on September 20, 2007, is amended as follows: on slip Opinion page 12821, remove lines 21 through 34, and insert the following text:
Blanchard also brings claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and title II of the ADA, 42 U.S.C. § 12132. Under those statutes, Blanchard is a proper plaintiff, at least insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit. See Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1115 (9th Cir.1987); see also Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37, 46-47 (2d Cir.1997) (holding that a hospital had standing to sue under the Rehabilitation Act and the ADA), *superseded on other grounds, as recognized in* Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 171 n. 7 (2d Cir.2001). As the Supreme Court has noted, "a parent of a child with a disability has a particular and personal interest" in preventing discrimination against the child. Winkelman, 127 S.Ct. at 2003.

Blanchard is not entitled to the damages that she seeks, however. We need not decide whether damages are available for a parent's own emotional distress resulting from the enforcement of a child's educational rights, because Blanchard abandoned that claim by failing to raise it in her brief on appeal. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999). Her claim for lost profits essentially seeks compensation for acting as her own lawyer. Pro se plaintiffs, though, are not entitled to attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991). Because Blanchard cannot recover damages, the district court properly dismissed her Rehabilitation Act and ADA claims.

No future petitions for rehearing or petitions for rehearing en banc will be entertained.

**OPINION**

Plaintiff-Appellant Cheryl Blanchard seeks damages to compensate her for lost income and the emotional distress she experienced during her ultimately successful efforts to obtain benefits for her son under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482. When this matter was before us previously, we reversed the district court's dismissal for failure to exhaust administrative remedies. Blanchard v. Morton Sch. Dist., 420 F.3d 918 (9th Cir.2005) ("Blanchard I "). We held that, because Blanchard sought damages on her own behalf rather than her son's, no administrative remedies existed. Id. at 921-22.We expressed no opinion on the merits of her claim. Id. at 922.

On remand, the district court granted summary judgment for Defendants, holding that Blanchard had no individual rights under the IDEA and that the IDEA's enforcement scheme did not contemplate the damages she seeks. It further held that, because Blanchard is not a qualified individual with a disability, her claim is not cognizable under either title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132, or section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).See 42 U.S.C. § 12132; 29 U.S.C. § 705(20).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

\*2 After the district court's entry of summary judgment, however, the United States Supreme Court held that parents do have individually enforceable substantive rights under the IDEA. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,* --- U.S. ----, ----, 127 S.Ct. 1994, 1999, 167 L.Ed.2d 904 (2007). The Court said that those rights were sufficient to permit a parent to appear pro se in pursuit of IDEA remedies to secure for a child the free appropriate public education guaranteed under § 1415 of the IDEA. *Id.* at 2005.

[1] We have held that money damages are not available under the IDEA for the pain and suffering of a disabled child. *Witte ex rel. Witte v. Clark County Sch. Dist.,* 197 F.3d 1271, 1275 (9th Cir.1999). The question before us now is whether 42 U.S.C. § 1983 creates a cause of action for money damages under the IDEA for the lost earnings and suffering of a parent pursuing IDEA relief. We hold that it does not. We affirm the district court's judgment in favor of the school district after taking into account the intervening Supreme Court decision in *Winkelman.*

[2] Section 1983 does not in itself create any right under federal law. It provides remedies for violations of federal rights only where a "federal statute creates an individually enforceable right in the class of beneficiaries to which [plaintiff] belongs." *City of Rancho Palos Verdes v. Abrams,* 544 U.S. 113, 120, 125 S.Ct. 1453, 161 L.Ed.2d 316 (2005).

[3] In *Winkelman,* 127 S.Ct. at 1999, the Supreme Court provided a thorough analysis of the IDEA's "interlocking statutory" enforcement scheme. The Court catalogued the IDEA's numerous provisions creating substantive rights, and it concluded that the statute confers those rights on the parents of disabled children as well as on the children themselves. *Id.* at 2000-05. Notably, all the rights created by the statute, including the rights to reimbursement of expenses and to recovery of attorney's fees, relate to necessary efforts to secure a child's free appropriate public education. *See* 20 U.S.C. § 1400(d)(1)(A)-(B) (stating that the IDEA's substantive and procedural protections exist in order to "ensure that all children with disabilities have available to them a free appropriate public education," and to protect the rights of the parents of such children in the process of ensuring the children's access to education); 20 U.S.C. § 1415(b)(6) (providing a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child").

[4] In *Smith v. Robinson,* 468 U.S. 992, 1013, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the Supreme Court held that the Education of the Handicapped Act ("EHA"), the predecessor to the IDEA, was the exclusive means of remedying violations of the rights it guaranteed. In response, Congress amended the statute to include what now is 20 U.S.C. § 1415(l).[FN1] Handicapped Children's Protection Act of 1986, Pub.L. No. 99-372, § 3, 100 Stat. 796, 797. There is an existing circuit split on whether, with the amendment, Congress intended the IDEA rights to be enforceable under § 1983.[FN2] The First, Third, Fourth, and Tenth Circuits have held that Congress did not so intend.[FN3] The Second and Seventh Circuits have held that Congress did so intend.[FN4] The Eighth Circuit has holdings going both ways.[FN5] We are persuaded by the recent thoughtful, well-reasoned opinion of the Third Circuit. *See A.W. v. Jersey City Pub. Sch.,* 486 F.3d 791, 797-803 (3d Cir.2007) (en banc) (surveying the existing circuit split and analyzing recent Supreme Court precedent on the availability of § 1983 as a remedy for violation of a federal statute).[FN6] In *A.W.,* the Third Circuit overruled its prior authority to the contrary and held:

\*3 The IDEA includes a judicial remedy for violations of any right "relating to the identification, evaluation, or educational placement of [a] child, or the provision of a free appropriate public education to such child." § 1415(b)(6). Given this comprehensive scheme, Congress did not intend § 1983 to be available to remedy violations of the IDEA....

*Id.* at 803 (alteration in original). We now join the First, Third, Fourth, and Tenth Circuits and hold that the comprehensive enforcement scheme of the IDEA evidences Congress' intent to preclude a § 1983 claim for the violation of rights under the IDEA.

Therefore, in light of *Winkelman,* the district court was not correct in ruling that the IDEA creates no individual rights in parents. However, insofar as the district court held that IDEA does not contemplate the remedy Blanchard seeks and in that regard creates no right enforceable under § 1983, the district court must be affirmed.

[5] Blanchard also brings claims under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and title II of the ADA, 42 U.S.C. § 12132. Under those statutes, Blanchard is a proper plaintiff, at least

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

insofar as she is asserting and enforcing the rights of her son and incurring expenses for his benefit. *See Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1115 (9th Cir.1987); see also Innovative Health Sys., Inc. v. City of White Plains, 117 F.3d 37, 46-47 (2d Cir.1997)* (holding that a hospital had standing to sue under the Rehabilitation Act and the ADA), *superseded on other grounds, as recognized in Zervos v. Verizon N.Y., Inc., 252 F.3d 163, 171 n. 7 (2d Cir.2001)*. As the Supreme Court has noted, "a parent of a child with a disability has a particular and personal interest" in preventing discrimination against the child. *Winkelman, 127 S.Ct. at 2003.*

[6][7] Blanchard is not entitled to the damages that she seeks, however. We need not decide whether damages are available for a parent's own emotional distress resulting from the enforcement of a child's educational rights, because Blanchard abandoned that claim by failing to raise it in her brief on appeal. *See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999).* Her claim for lost profits essentially seeks compensation for acting as her own lawyer. Pro se plaintiffs, though, are not entitled to attorney's fees. *See Kay v. Ehrler, 499 U.S. 432, 438, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991).* Because Blanchard cannot recover damages, the district court properly dismissed her Rehabilitation Act and ADA claims.

The judgment of the district court is AFFIRMED.

> FN1."Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities...."20 U.S.C. § 1415(l) (citations omitted).

> FN2. In *Department of Education v. Katherine D., 727 F.2d 809, 820 (9th Cir.1984)*, we held that the EHA's "comprehensive and exclusive remedial scheme ... precludes reliance upon a cause of action under section 1983."However, we decided *Katherine D.* before Congress amended the IDEA. Consequently, although our holding today is consistent with it, *Katherine D.* cannot answer the question of what Congress intended when it amended the IDEA.

> FN3.*Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 28 (1st Cir.2006); A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 803 (3d Cir.2007)* (en banc); *Sellers v. Sch. Bd., 141 F.3d 524, 529 (4th Cir.1998); Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1273 (10th Cir.2000).*

> FN4.*Mrs. W. v. Tirozzi, 832 F.2d 748, 755 (2d Cir.1987); Marie O. v. Edgar, 131 F.3d 610, 622 (7th Cir.1997).*

> FN5.Compare *Digre v. Roseville Sch. Indep. Dist. No. 623, 841 F.2d 245, 250 (8th Cir.1988)* ("Mrs. Digre was entitled to bring a section 1983 action based on alleged violations of the [predecessor to the IDEA]...."), *with Heidemann v. Rother, 84 F.3d 1021, 1033 (8th Cir.1996)* ("We now hold as a matter of law that plaintiffs in the present case cannot recover general or punitive damages [under § 1983 ] arising out of defendants' alleged violations of the IDEA ...."; failing even to mention or cite *Digre* ).

> FN6. We note that the holdings of the Second and Seventh Circuits predate recent Supreme Court precedent on the availability of § 1983 actions, and the Second Circuit's opinion does not discuss congressional intent at all.

C.A.9 (Wash.),2007.
Blanchard v. Morton School Dist.
--- F.3d ----, 2007 WL 4225789 (C.A.9 (Wash.)), 07 Cal. Daily Op. Serv. 13,717

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.