IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z., | No. C 07-2389 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND CAUSE OF ACTION** |
| v. | |
| SEQUOIA UNION HIGH SCHOOL DISTRICT, *et. al.*, | |
| Defendants. | |

Defendants' motion to dismiss plaintiff's second cause of action is scheduled for a hearing on February 15, 2007. Pursuant to Civil Local Rule 7-1(b) the Court determines that the matter is appropriate for resolution without oral argument and the hearing is VACATED. For the reasons set forth below, the Court GRANTS defendants' motion and dismisses plaintiff's second cause of action without leave to amend.

**BACKGROUND**

Plaintiff Sarah Z. is a fifteen year old student at Sequoia Union High School District ("the District"). First Amended Complaint ("FAC") at ¶¶ 4, 5. Plaintiff has a speech and language impairment and is therefore eligible for special education services. *Id.* at ¶ 22. Plaintiff alleges that she has been receiving low and failing grades ever since starting school at the District because the District has failed to provide her with special educational services. *Id.* at ¶¶ 25, 26. Plaintiff brought this action against the District, the Office of Administrative Hearings ("OAH"), and District officials, namely Superintendent Patrick Gemma, Chief Administrator for Special Education Nikki Washington, Vice

Principal Cliff Alire, speech therapist Karen McGee, and school psychologist Marian Welch. *Id.* at ¶¶ 6-11.

Plaintiff asserts two causes of action. First, plaintiff alleges that the District violated her rights under the Individuals with Disabilities Education Act ("IDEA") by failing to provide her with a free appropriate public education ("FAPE"). *Id.* at ¶ 61. Plaintiff alleges that the District did not provide her with a FAPE because it failed to, *inter alia*: (1) provide her with individual tutoring, (2) adopt and follow a behavior intervention plan, (3) offer a transition plan, (4) state dates, frequency and duration of offered services in the Individual Education Plan ("IEP"), (5) comply with the stay-put requirement while drafting the new IEP, (6) provide all services mentioned in the IEP, and (7) include plaintiff's parents' statements in the IEP. *Id.* at ¶¶ 63-74.

Plaintiff's second cause of action is against the individual defendants and the OAH for "deprivation of rights under color of authority" pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the "right to sue is consistent with the statutory purpose of IDEA" and that "defendants' policies, practices and customs" were discriminatory and deliberately indifferent to the rights of disabled Americans. *Id.* at ¶ 80, 83. Defendants' present motion seeks to dismiss only plaintiff's second cause of action.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim will be denied unless it appears that the plaintiff can prove no set of facts which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Fidelity Fin. Corp. v. Federal Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Plaintiff's second cause of action alleges a § 1983 claim based on violations of her rights under the IDEA. Defendants move to dismiss plaintiff's § 1983 claim, and with it the individually-named defendants, arguing, *inter alia*, that such a claim is foreclosed by the Ninth Circuit's recent decision in *Blanchard v. Morton School District*, 509 F.3d 934, 937 (9th Cir. 2007). Plaintiff's opposition is devoted solely to arguing the validity of her first cause of action under the IDEA and does not address the § 1983 claim.

In *Blanchard*, the Ninth Circuit joined the First, Third, Fourth, and Tenth Circuits in ruling that Congress did not intend § 1983 "to be available to remedy violations of the IDEA." *Id.* at 938; *see also Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 28 (1st Cir. 2006); *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 803 (3d Cir. 2007) (en banc); *Sellers ex rel. Sellers v. Sch. Bd. of City of Manassas, Va.*, 141 F.3d 524, 529 (4th Cir. 1998); *Padilla ex rel. Padilla v. Sch. Dist. No. 1 in the City & County of Denver, Colo.*, 233 F.3d 1268, 1273 (10th Cir. 2000). The court was persuaded by the Third Circuit's reasoning in *A.W.*:

> The IDEA includes a judicial remedy for violations of any right 'relating to the identification, evaluation, or educational placement of [a] child, or the provision of a [FAPE] to such child.' §1415(b)(6). *Given this comprehensive scheme, Congress did not intend §1983 to be available to remedy violations of the IDEA*.

*Blanchard*, 509 F.3d at 937-38 (quoting *A.W.*, 486 F.3d at 803) (emphasis added).

Here, plaintiff's second cause of action for "deprivation of rights under color of authority" states that plaintiff's right to sue is "consistent with the statutory purpose of the IDEA" and that defendants' "policies practices and customs discriminate with deliberate indifference to the rights of disabled Americans." FAC at ¶¶ 80, 83. All of the factual allegations in the complaint describe violations of the IDEA. Plaintiff does not identify any other basis for the § 1983 claim, and thus this claim is based solely on the alleged IDEA violations. Because § 1983 is not available to remedy violations of the IDEA, plaintiff's § 1983 claim fails. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's second cause of action without leave to amend. This order dismisses the second cause of action and all defendants named in it, leaving Sequoia Union High School District as the sole defendant under the IDEA cause of action.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's second cause of action in the First Amended Complaint.  [Docket No. 26]

**IT IS SO ORDERED.**

Dated: February 12, 2008

SUSAN ILLSTON
United States District Judge