MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: Kathryn E. Alberti, Deputy (SBN 172034)
By: John D. Nibbelin, Deputy (SBN 184603)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4647
Facsimile:  (650) 363-4034
E-mail:  kalberti@co.sanmateo.ca.us

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH Z.,<br><br>            Plaintiff,<br><br>      vs.<br><br>SEQUOIA UNION HIGH SCHOOL DISTRICT, PATRICK GEMMA, NIKKI WASHINGTON, CLIFF ALIRE, KAREN MCGEE, MARIAN WELCH, OFFICE OF ADMINISTRATIVE HEARINGS and DOES 1-5,<br><br>            Defendant. | Case No. 07-2389 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br><u>Hearing</u>:<br><br>Date:              June 6, 2008<br>Time:             2:00 p.m.<br>Courtroom :   10, 19th Floor<br><br>          (Hon. Susan Illston) |

Pursuant to Civil Local Rule 16-9 and the Court's Order Setting Case Management Conference, Defendant and Plaintiff, herein referred to as the "Parties," submits this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order in this case.  The parties hereby submit this Joint Case Management Statement and Proposed Order and pursuant to the Court's order, the parties address the following agenda items:

1. <u>Jurisdiction</u>:  The parties agree that the Court has jurisdiction over the claims raised in this action pursuant to 28 U.S.C. § 1331, as they arise under the laws of the United States, specifically, the Individuals With Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq*, as to the Defendant Sequoia Union High School District (the "District") only.

2. <u>Factual and Legal Basis</u>: In this action, plaintiff seeks review of a decision entered by an administrative law judge ("ALJ") of Special Education Division of the State of California's Office of Administrative Hearings ("OAH"). In a special education due process hearing before the OAH, plaintiff argued that the District denied her a free and appropriate public education ("FAPE") during the 2005-2006 and 2006-2007 school years, when plaintiff was a ninth grade student at the District's Woodside High School campus, due to the following:

- Failing to provide plaintiff individual tutoring in math and science;
- Failing to include a behavior intervention plan in plaintiff's IEP offers;
- Failing to allow plaintiff to retake tests on which she originally received a D or an F;
- Failing to allow plaintiff to make up missed and late homework and assignments;
- Failing to include in IEP offers, to consider and to respond to the concerns of plaintiff's parents;
- Failing to include in IEP offers a transition plan for plaintiff;
- Failing to state in IEP offers the beginning dates, frequency and duration of services; and
- Failing to designate an IEP offer as the triennial IEP offer.

The ALJ issued a written decision on February 23, 2007, wherein he resolved each of these issues in favor of the District.

3. <u>Legal Issues</u>: The District contends that the ALJ correctly applied state and federal special education law to the facts adduced at hearing, whereas plaintiff contends that he did not. The District also contends that plaintiff raised claims in the instant action that were not litigated before the OAH and that they are therefore barred by plaintiff's failure to exhaust administrative remedies. Plaintiff contends that exhaustion of administrative remedies was and would have been futile.

4. <u>Narrowing of Issues</u>: The District hopes to work with plaintiff to reach a stipulation that resolves some or all of issues addressed in Number 3, above. If the parties are unable to reach such a stipulation, the District plans to file a motion seeking summary adjudication of these matters.

5. <u>Motions</u>: If stipulations cannot be reached with respect to the matters identified in Number 3, above, the District anticipates filing a motion for summary adjudication.

6. <u>Relief:</u> Plaintiff is seeking equitable relief in the form of an injunction requiring the District to

provide compensatory education and procedural due process, declaratory relief in the form of a judgment that plaintiff has been denied a FAPE and procedural due process, damages to be determined and attorney's fees and costs.

7. Discovery:  Given the nature and posture of this case, the parties do not anticipate significant discovery with respect to the Court's review of the OAH decision. They recognize that the Court exercises discretion regarding whether, and the extent to which, discovery will be authorized and additional evidence admitted. *Ojai Unified School Dist. v. Jackson*, 4 F. 3d 1467, 1472-73 (9th Cir. 1993); Civ. L.R. 16-7. Depending on the outcome of the underlying litigation, the District believes that there may be need for discovery regarding plaintiff's request for attorneys' fees. The parties agree to the following discovery plan/schedule:

    A.  Discovery Limits

| | |
|---|---|
| Depositions: | Standard limits per Rule 30(a) of the FRCP |
| Interrogatories: | Standard limits per Rule 33(a) of the FRCP |
| Requests for Admissions: | Unlimited |
| Document Requests: | Unlimited |

    B.  Discovery Schedule

| | |
|---|---|
| Fact Discovery Opened: | Already Opened |
| Fact Discovery to Close: | June 30, 2008 |
| Expert Disclosure Date: | May 16, 2008 |
| Expert Discovery Opens: | May 23, 2008 |
| Expert Discovery Closes: | June 20, 2008 |

As noted, the District believes that discovery may be required as to plaintiff's attorneys' fees request, although the extent of necessary discovery may not be known until after the Court enters a decision on the underlying case (as any entitlement to attorneys' fees is tied to the extent of plaintiff's success, if any, on the merits). Consequently, the District requests that the Court authorize discovery on this issue, if needed, for a period of 45 days after the Court enters a dispositive order in this case. Neither party anticipates the need for a protective order for confidential documents disclosed in discovery or the need to file any documents under seal.

8. <u>ADR</u>:  The parties have already mediated this case and have failed to reach a settlement.  The District does not consent to have a magistrate judge conduct all further proceedings, including trial.

9. <u>Trial</u>:  Plaintiff has withdrawn her request for a jury trial.  The District agrees that a jury trial is unavailable in this case as to claims under the IDEA.  With respect to the Court's review of the OAH's decision under the IDEA, the parties anticipate that the Court may be able to proceed by way of cross-motions for summary judgment.  Alternatively, the District believes that the Court may be able to resolve this case through a "bench trial based on a stipulated record."  *See Miller v. San Mateo-Foster City Unif. School Dist.,* 318 F. Supp. 2d 851, 859 (N.D. Cal. 2004).  The District believes that this case will primarily involve a review of the OAH administrative record, and that there will likely be no additional evidence considered at the time of hearing.  On that case, after written briefing, the District anticipates that the case can be presented to the Court in no more than one day.  Plaintiff anticipates a three-day trial.

Based on the foregoing, the parties request that the Court order that all dispositive motions be noticed for hearing within 60 days after the closing of expert discovery (e.g., August 22, 2008).  The Court has already set a schedule for the District's anticipated Motion for Summary Judgment.

| | |
|---|---|
| Date District to file Motion for Summary Judgment | July 18, 2008 |
| Date Plaintiff to file Opposition to Motion for Summary Judgment | August 1, 2008 |
| Date Court has set hearing on District's Motion for Summary Judgment | August 22, 2008 at 9:00 a.m. |

10. <u>Related Cases</u>:  There are no related cases pending in this Court.

11. <u>Class Actions</u>:  This is not a class action.

12. <u>Scheduling</u>:  The parties propose a discovery schedule in Number 7, above.  The parties further believe that dispositive motions can be filed by July 18, 2008.  If trial is needed, the parties believe that, as to the IDEA claims, the case would be ready no later than 120 days after the Court hears any dispositive motions.

13. <u>Settlement</u>: Given the posture of this case and prior efforts to settle the underlying dispute, the parties are uncertain of the prospects of settling it.

//

//

14. <u>Other Matters</u>:  None.

Respectfully submitted,

Dated:  May 22, 2008                                          MICHAEL P. MURPHY, COUNTY COUNSEL


By:_____/s/_____
            Kathryn E. Alberti, Deputy

Attorneys for Defendant
SEQUOIA UNION HIGH SCHOOL DISTRICT


Dated:  May 22, 2008                                                        _____/s/_____
Timothy J. Walton
Attorney for Plaintiff


**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.  In addition, the Court orders:



Dated: _____                                              _____
SUSAN ILLSTON
United States District Judge